IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Division

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| HEALTH DIAGNOSTIC LABORATORY, INC., et al., Debtors | ) ) | Case No.   15-32919-KRH |
| | ) | |
| RICHARD ARROWSMITH AS LIQUIDATING TRUSTEE OF THE HDL LIQUIDATING TRUST, | ) ) ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) ) | Adversary Proceeding No. 21-03118-KRH |
| TATES CHAPEL BAPTIST CHURCH, | ) ) | |
| Defendant | ) ) | |

## ANSWER TO COMPLAINT

Tates Chapel Baptist Church ("TCBC"), by counsel, answers the Complaint filed and says:

1. TCBC admits the allegations of paragraphs 1-4 and 6.

2. TCBC denies the allegations of paragraph 5 as to "applicable state law" and admits the remainder.

3. As to paragraphs 7 and 8, admits the venue of the case is proper under 28 U.S.C. § 1408; but denies venue of this proceeding is proper and states under § 1409(c) venue is not proper in this Bankruptcy Court as under nonbankruptcy venue provisions, including 28 USC § 1391, this cause would have been required to be filed in the United States District Court for the Northern District of Alabama where TCBD resides is located and is the judicial district in which

W. R. Baldwin, III, VSB # 16988
Meyer Baldwin Long & Moorer, LLP
5600 Grove Avenue
Richmond, VA  23226
Voice:  (804) 285-3888
Fax:  (804) 285-7779
Counsel for Defendant
ECF:  billbaldwin@comcast.net

a substantial part of the events or omissions giving rise to the claim occurred, and a substantial part of property that is the subject of the action is situated .

4. Admits the allegations of paragraphs 9 and 10.

5. Lacks knowledge of the allegations of paragraph 11 and therefore denies same.

6. Upon information admits the allegations of a paragraph 12.

7. As to the allegation of paragraph 13 denies that Robert Bradford Johnson was an insider of HDL as defined by 11 U.S.C. § 101(31)(B) in that (a) Mr. Johnson is not pleaded as having been a director of the debtor at any time material to this cause, (b) was not so listed on any of the Annual Reports filed with the Virginia State Corporation Commission for HDL, was not an officer of the debtor, was not a person in control of the debtor (such persons being by definition its officers and directors and not persons owing a less that 2% equity interest in the corporation as did Johnson) and was not a "relative of a general partner, director, officer, or person in control of the debtor." TCBC specifically denies the conclusory allegation of "insider" contained in paragraphs 13 and 14 and wherever else this allegation may be found.

8. As to the allegations of paragraph 14, denies the factual allegations of this paragraph as applies to TCBC and demands proof thereof on the grounds that the allegations of a complaint to which TCBC was not a party are not binding on TCBC and it is improper to seek to assert any such orders or findings against TCBC as offensive res judicata or collateral estoppel or the like.

9. Admits the allegations of complaint paragraph 15.

10. States that allegations of complaint paragraphs 16 and 17 reference judicial opinions and orders that speak for themselves and require and permit no modification; state further that TCBC was not a party to such proceeding case and that the findings and orders in

such proceeding are not therefore binding on TCBC such are not binding on TCBC and that it is improper to seek to assert any such orders or findings against TCBC as offensive res judicata or collateral estoppel or the like.

11. As to the allegations of paragraph 18, admits that the summary there set out is an accurate paraphrase of the allegations of the "Omnibus Complaint" and denies that this establishes any liability on TCBC.

12. Denies the allegations of paragraph 19; as to paragraph 20 admits the receipt of funds paid to TCBC by Mr. Johnson but denies that these transactions are "subsequent transfers" that impose liability on TCBC.

6. As to the allegations of paragraphs 21-24, admits the existence of the codal references contained therein but denies the truth of factual allegations and states that is improper and contrary to law to seek to apply offensive res judicata or collateral stopple against TCBC as Plaintiff appears to be here attempting. TCBC denies the allegations of paragraph 24 as the transfers there alleged were not of the same property and it was neither an immediate nor mediate transferee.

7. TCBC admits the allegations of paragraph 25 in so far as 11 U.S.C. § 550(b)(1) applies.

8. Denies the allegations of paragraph 26.

9. As to the allegations of paragraph 27, incorporates the answers to such incorporated allegations and if no answers have been given which may be incorporated, denies such allegations.

10. The allegations of paragraph 28 state matters of law that require no response.

11. Denies the allegations of paragraphs 29 and 30.

12. Lacks knowledge as to the truth and propriety of the allegations of a paragraph 31 and therefore denies same.

13. As to the allegations of paragraphs 32, incorporates the answers to such incorporated allegations and if no answers have been given which may be incorporated, denies such allegations establish any liability for TCBC.

14. Denies the allegations of paragraph 33.

15. As to paragraph 34, admits TCBC has paid the Plaintiff nothing and denies liability to the Plaintiff for the reasons there alleged or any others.

16. Denies the effect of paragraph 35 as the Defendant has, to the knowledge of its counsel, filed no proof of claim.

17. Denies any allegation of the complaint not specifically here admitted.

## Affirmative and Other Defenses

18. TCBC al all times acted in good faith with respect to the matters alleged in the complaint.

19. Denies that the proper allegedly transferred to TCBC in Complaint Exhibit B was the proceeds of any improper transfers to Mr. Johnson and denies that TCBC was an immediate or mediate transferee of funds paid by HDL.

20. The transfers made by Mr. Johnson were done in the ordinary course of his business.

21. TCBC reserves the right to plead and prove such additional defenses as may arise or be uncovered during the course of this proceeding.

WHEREFORE, premises considered, Tates Chapel Baptist Church, by counsel, prays that the Plaintiff take nothing and that TCBC recovers its costs herein incurred.

                                          TATES CHAPEL BAPTIST CHURCH

                                          By:  /s/    W. R. Baldwin, III VSB #16988

W. R. Baldwin, III, VSB # 16988
Meyer Baldwin Long & Moorer, LLP
5600 Grove Avenue
Richmond, VA  23226
Voice:  (804) 285-3888
Fax:  (804) 285-7779
Counsel for Defendant
ECF:  billbaldwin@comcast.net
Email:  billbaldwin@meyerbaldwin.com

## **CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing was served by Electronic Filing on January 10, 2022 on party participants in the ECF system in effect herein, to include:

        Brittany b. Falabella. Esq.
        HIRSCHLER FLEISCHER
        PO Box 500
        Richmond, VA 23218

        Counsel for the Trustee

                                    /s/ W. R. Baldwin, III